UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20030-CIV-O'SULLIVAN

[CONSENT]

ALPHONSO McINTYRE, and all others
similarly situated,

    Plaintiffs,
v.

FLX OF MIAMI, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion for Summary Judgment (DE# 28, 8/13/08).  Having reviewed the motion and exhibits, the response and the reply as well as applicable law, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment (DE# 28, 8/13/08) is GRANTED for the reasons set forth below.

## INTRODUCTION

The plaintiff, Alphonso McIntyre, filed this lawsuit against the defendant, FLX of Miami, Inc., alleging that the defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 and 219, by failing to pay him for the hours that he worked overtime. The defendant contends that it did not violate the FLSA and that it is exempt from any overtime requirements relating to the plaintiff pursuant to the Motor Carrier Act exemption, 29 U.S.C. § 213(b).  The defendant contends that the exemption applies because the defendant is a "motor carrier" engaged in interstate commerce, and that the plaintiff's dispatcher duties directly affected the safety and operation of the

defendant's motor vehicles.  The parties agree that the plaintiff was a truck dispatcher for the defendant.

## FACTS

The plaintiff filed his FLSA Complaint seeking unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA").  (DE# 1, 1/7/09).   The plaintiff is a truck dispatcher for the defendant.  Id. at ¶ 8.  Craig Seewald, the defendant's secretary and the plaintiff's supervisor, stated in his affidavit that the plaintiff's "primary job directly affected the safe operation of the company trucks. [The plaintiff's] job duties included calling mobile mechanics for stranded truckers working for [the defendant] when mechanical breakdowns and flat tires stranded the drivers' vehicles or impeded their safe operation.  In addition, [the plaintiff] had the duty to assign particular drivers and particular trucks based on his assessment of the vehicle safety and the appropriateness for the vehicle for the task. [The plaintiff's] job responsibilities also included checking the vehicles for tire safety, adequate oil, and verifying the vehicle was in safe operation before a driver left [the defendant's] facility for deliveries." Seewald Affidavit ¶ ¶ 1, 3 (DE# 28-2, Ex. 1).

In his Complaint, the plaintiff alleges that the defendant, FLX of Miami, Inc., is engaged in interstate commerce for the purposes of the FLSA.  Complaint at ¶¶ 3, 5. "The defendant sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines or numerous other states ... and otherwise regularly engages in interstate commerce, particularly with respect to its employees."  Id. at ¶ 5.

The defendant is a freight and package delivery business that utilizes the public highways to transport freight and property for customers. Seewald Affidavit ¶ 2; Sworn

Declaration of Joseph Goldman ¶ 2 (DE# 28-3, Ex. 2) (hereinafter "Goldman Declaration").  The defendant's deliveries are exclusively within Florida.  In his affidavit, Mr. Seewald avers that the defendant's "drivers' deliveries frequently (i.e. multiple times per week) are interstate in nature because [the defendant] has substantial weekly deliveries where the intent of the delivery is to travel outside of Florida to another state within the United States, or from another state into Florida where [the defendant] completes delivery of the product."  Seewald Affidavit ¶ 2.  Additionally, the defendant "regularly and weekly delivers products for [the defendant's] customers to airlines for shipment internationally and [the defendant] completes deliveries of products that originated internationally and terminate upon [the defendant's] completion of the deliveries within Florida."  Id.; see Goldman Declaration  ¶ 2.

The plaintiff did not file any evidence to refute the facts contained in the Seewald Affidavit or the Goldman Declaration.  See Plaintiff's Response to Request for Summary Judgment (DE# 29, 8/21/08).  In his response, the plaintiff asserts that the motion is "frivolous and lacks merit."  Id.  The plaintiff argues that the defendant's declarations to support its defense are "not enough to warrant the wishes of [the] motion to grant a Summary Judgment.  This case needs to be heard out before a fair tribunal and the merits awarded accordingly."  Id.

In its answer, the defendant asserted an affirmative defense based on an exemption pursuant to the Motor Carrier Act "because Plaintiff was employed by a motor carrier, to perform activities that directly affect the safety and operations of motor vehicles, and the motor vehicles were used for transportation on the public highways in interstate and foreign commerce."  Answer, First Affirmative Defense (DE# 6, 1/30/08).

The defendant seeks entry of a judgment in its favor based on the Motor Carrier

3

Act exemption as argued in the Defendant's Motion for Summary Judgment. (DE# 28, 8/13/08). The undersigned has considered the defendant's motion and exhibits, the plaintiff's response (DE# 29, 8/21/08), and the defendant's reply (DE# 30, 8/25/08). Neither party has filed any discovery responses or deposition transcripts.

## LEGAL ANALYSIS

### I.      STANDARD OF REVIEW

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56( c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994); Sheckells v. Agv-Usa Corp., 987 F.2d 1532, 1534 (11th Cir. 1993); Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990);

Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982); Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)(per curiam). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the court must deny the motion and proceed to trial. Adickes, 398 U.S. at 157; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex,

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The non-moving party is not required to respond to the motion for summary judgment with evidence unless the movant has properly supported the motion with sufficient evidence. Adickes, 398 U.S. at 160. "'Where the evidentiary matter in support

of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidence is presented.'" Id. (quoting the Advisory Committee's note on the amendment to Rule 56)(footnote omitted).  The standard of review for a summary judgment requires the court to resolve all ambiguities and draw all justifiable inferences in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

    "Although we must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, we hold that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990) (citations omitted)(affirming summary judgment against pro se plaintiff); Watkins v. American National Insurance Co., 967 F. Supp. 1272, 1274 (M.D. Fla 1997) (granting summary judgment against pro se plaintiff).  Where the moving party properly supports the motion for summary judgment, "the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Fed. R. Civ. P. 56, "designate 'specific facts showing that there is a genuine issue for trial.'" L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (citing Celotex, 477 U.S. 317, 353).   If the undisputed facts demonstrate that there exists an exemption from the overtime requirements of the Fair Labor Standards Act in the case at bar, then the defendant is entitled to summary judgment as a matter of law.  See Alvarado v. I.G.W.T. Delivery Systems, Inc., 410 F. Supp. 2d 1272 (S.D. Fla. 2006) (granting summary judgment in favor of employer as exempt from overtime under FLSA pursuant to the motor carrier exemption).

**II.     DISCUSSION**

**I.  Motor Carrier Act Exemption**

The Motor Carrier Act exemption is found in Section 213(b)(1) of the FLSA and provides that Section 207 does not apply "to any employee with respect to whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of Section 31502 of Title 49."  <u>Alvarado v. I.G.W.T. Delivery Systems, Inc.</u>, 410 F. Supp. 2d 1272 (S.D. Fla. 2006).  The Eleventh Circuit explained that "[the Secretary has the power to establish qualifications and maximum hours of service for employees who (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act."  <u>Baez v. Wells Fargo Armored Service Corp.</u>, 938 F. 2d 180, 181-182 (11th Cir. 1991)(citing 29 C.F.R. § 782.2(a)); <u>see</u> <u>Opelika Royal Crown Bottling Co. v. Goldberg</u>, 299 F.2d 37, 43 (5th Cir. 1962) (holding that driver helpers who load and unload cargo affect the safety of the vehicle and are exempt from the overtime provisions of the FLSA).

29 U.S.C. § 213(b)(1) provides an exemption from the maximum hours and overtime requirements of FLSA § 7.  Under 29 C.F.R. § 782.2(a), an employee may be exempt from overtime provisions based on the class to which the employer belongs, and the class of work involved in the employee's job.  In order for the defendant to fall under the exemption, the three requirements listed below must be met:

        (1) Interstate commerce must be present;

> (2) The defendant/employer must be a carrier that is covered by the Motor Carrier Act; and
>
> (3) The activities of the subject employee must affect the safety of operation of motor vehicles.

See 29 C.F.R. § 782.2(a).

### A. The Defendant Engaged in Interstate Commerce

As outlined above, the first requirement in order for the defendant to fall within the exemption under 29 U.S.C. § 213, is that the defendant must conduct business within interstate commerce.  The FLSA defines "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).  The defendant is a freight and package delivery business that utilizes the public highways to transport freight and property for customers.  Although the defendant's deliveries are exclusively within Florida, the defendant maintains that it engaged in interstate and international commerce.  The defendant delivers products to local air carriers for its customers, which in turn complete deliveries to other states within the United States.   The defendant also completes deliveries of products that originated internationally or outside of Florida and terminate upon the defendant's completion of the deliveries within Florida.  See Goldman Declaration,  ¶ 2; Seewald Affidavit,  ¶ 2.

In order for "transportation confined to points in a single State from a storage terminal of commodities which have had a prior movement by rail, pipeline, motor, or water from an origin in a different State" to be considered to be "in interstate or foreign commerce", the sender must have a "fixed and persisting transportation intent beyond the terminal storage point at the time of shipment."  29 C.F.R. § 782.7(b)(2).  Sub-section § 782.7(b)(2) further outlines the test for determining whether there exists fixed

8

and persisting intent to ship goods in interstate commerce. According to 29 C.F.R. § 782.7(b)(2),

> there is not fixed and persisting intent where
> (i) at the time of shipment there is no specific order being filled for a specific quantity of a given product to be moved through to a specific destination beyond the terminal storage, and
>
> (ii) the terminal storage is a distribution point or local marketing facility from which specific amounts of the product are sold or allocated, and
>
> (iii) transportation in the furtherance of this distribution within the single State is specifically arranged only after sale or allocation from storage.

29 C.F.R. § 782.7(b)(2); see Bilyou v. Duchess Beer Distributors, Inc., 300 F.3d 217 (2nd Cir. 2002); see also Foxworthy v. Hiland Dairy Co., 997 F.2d 670 (10th Cir. 1993).

"Transportation within a single state may remain 'interstate' in character when it forms a part of a 'practical continuity of movement' across state lines from the point of origin to the point of destination." Foxworthy 997 F.2d at 672 (quoting Walling v. Jacksonville Paper Co., 317 U.S. 564, 568, 63 S.Ct. 332, 335 (1943)). The defendant's secretary and president attested to the fact that the defendant's deliveries within Florida completed deliveries in Florida of shipments that came from another State or completed deliveries originating in Florida to travel outside of Florida. See, Seewald Affidavit, ¶ 2; Goldman Declaration, ¶ 2. The plaintiff has not submitted any evidence to refute the defendant's evidence of interstate commerce. The undersigned finds that the defendant has satisfied the interstate commerce requirement. See Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180, 182 (11th Cir. 1991)(finding interstate commerce where trucks remained within state, but the transported checks and other instruments were bound for banks outside the state of Florida).

### B. The Defendant Is a Motor Carrier

According to 29 U.S.C. § 213(b), the defendant must be subject to the Motor Carrier Act in order to fall under the relevant exemption.  Under 49 U.S.C. § 13501 and 29 C.F.R. § 782.1, the Motor Carrier Act provides that Secretary of Transportation with jurisdiction over "transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both are transported by motor carrier between a place in a State and a place in another State; a State and another place in the same State through another State; ... the United States and a place in a foreign country to the extent the transportation is in the United States...." 49 U.S.C. § 13501(1).   A "motor carrier" is defined as "a person providing motor vehicle transportation for compensation."  49 U.S.C. § 13102 (14).  The motor carrier exemption depends on the existence of the Secretary of Transportation's authority to regulate the maximum hours and qualifications of the employees, not the actual exercise of that authority. Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180, 181 n.2. (11th Cir. 1991) (citing Galbreath v. Gulf Oil Corp., 413 F.2d 941, 944 n.4 (5th Cir. 1969); Opelika Royal Crown Bottling Co. v. Goldberg, 299 F.2d 37, 42 (5th Cir. 1962)); see Morrison v. Quality Transorts Services, Inc., 474 F. Supp. 2d 1303, 1309 (S.D. Fla. 2007).

The defendant is a motor carrier because it is in the business of using trucks to carry property on public highways and the defendant is engaged in interstate commerce.  See Bilyou v. Duchess Beer Distributors, Inc., 300 F.3d 217 (2nd Cir. 2002); Goldman Declaration, ¶ 2.  The plaintiff has not refuted the evidence submitted by the defendant.  The undersigned finds that the defendant satisfied the "motor carrier" requirement.  See  Alvarado v. I.G.W.T. Delivery Systems, Inc., 410 F. Supp. 2d 1272

(S.D. Fla. 2006) (granting summary judgment in favor of employer as exempt from overtime under FLSA pursuant to the motor carrier exemption); see also Wirtz v. Robinson & Stephens, Inc., 1972 WL 852 (N.D. Ga. 1972) (holding dispatcher exempt from overtime under the FLSA pursuant to the Motor Carrier Act exemption).

### C. The Activities of the Plaintiff Affected the Safety of the Operation of Motor Vehicles

Under 29 U.S.C. § 213(b), in order for an exemption to apply, the employee's activities must directly affect the safety of the operation of motor vehicles. 49 U.S.C. § 31502(b) authorizes the Secretary of Transportation to "prescribe requirements for -- (1) qualifications and maximum hours of service of employees of and safety of operation and equipment of, a motor carrier; (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation."  The subject exemption applies to drivers, mechanics, loaders and helpers. See Pyramid Motor Freight Corporation v. Ispass, 330 U.S. 695, 708 (1947); see Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180, 182 (11th Cir. 1991)(affirming summary judgment in favor of employer and holding that guards riding on trucks were engaged in activities directly affecting the safety of the operation of motor vehicles in interstate commerce). The name that is given to an employee's position or the work that the employee performs is not controlling in the determination of whether the exemption is applicable. Id. at 707; Levinson v. Specter Motor Service, 330 U.S. 649, 672 (1947).  ("The fundamental test is simply that the employee's activities affect safety of operation.")  The Court shall consider whether the activities of the employee affect the safety of operation. Id. at 707-708. As stated in 29 C.F.R. § 782.2(b)(3):

11

> As a general rule, if the bona fide duties of the job performed by the employee are in fact such that he is (or, in the case of a member of a group of drivers, driver's helpers, loaders, or mechanics employed by a common carrier and engaged in safety-affecting occupations, that he is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities of the character described in paragraph (b)(2) of this paragraph, he comes within the exemption in all workweeks when his employed at such job.

The parties agree that the plaintiff was a truck dispatcher while employed by the defendant. The plaintiff's job duties as truck dispatcher for the defendant included calling mobile mechanics for stranded FLX truckers when mechanical breakdowns and flat tires stranded the drivers' vehicles or impeded their safe operation. Seewald Affidavit ¶¶ 2, 3. Additionally, the plaintiff had the duty to assign particular drivers to particular trucks based on his assessment of the vehicle safety and the appropriateness for the vehicle for the task. Id. The plaintiff's responsibilities also included checking the vehicles for tire safety, adequate oil, and verifying the vehicle was in safe operation before the driver left FLX's facility for deliveries. Id. The plaintiff has not offered any evidence to refute the facts regarding his responsibilities as a truck dispatcher.

The undersigned finds that the plaintiff was engaged in safety-affecting activities in his position as a truck dispatcher for the defendant. See Wirtz v. Robinson & Stephens, Inc., 1972 WL 852 *5 (N.D. Ga. 1972) (applying the Motor Carrier Act exemption and finding mechanics, wrecker and truck drivers, drivers helpers, loaders, yardmen and dispatchers of the defendant exempt from the overtime requirements of the FLSA).

## **CONCLUSION**

The defendant satisfied the three requirements of the motor carrier exemption.

The undersigned finds that the Motor Carrier Act exemption applies and that the plaintiff is not entitled to overtime for his work as a truck dispatcher under the FLSA. Accordingly, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment (DE# 28, 8/13/08) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this  8th  day of October, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record
Alphonso McIntyre *pro se*
301 N.W. 194th Terrace
Miami, FL 33169