UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20030-CIV-O'SULLIVAN
CONSENT

**ALPHONSO MCINTYRE,**

    Plaintiff,

v.

**FLX OF MIAMI, INC.,**

    Defendant.
_____/

## ORDER ON BILL OF COSTS

**THIS MATTER** is before the Court on the Defendant's Notice of Bill of Costs filed together with the Defendant's Bill of Costs (DE # 38, 11/6/08).  To date, there has been no response to the Bill of Costs or the Notice.

Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  **Failure to do so may be deemed sufficient cause for granting the motion by default.** (Emphasis supplied).

The defendant requests $434.70 in costs associated with this matter.  The costs requested by the defendant are for the fees of the court reporter for all or any part of the transcript necessarily obtained for use in this case.

## ANALYSIS

Pursuant to Rule 54(d)(1) of the federal Rules of Civil Procedure, "costs other

than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." A "prevailing party" for purposes of the rule generally. . . is a party in whose favor judgment is rendered, this means the party who won at the trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded. See All West Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co., 153 F.R.D. 667 (D. Kansas 1994). The undersigned granted Summary Judgment in favor of the defendant in this matter (DE # 35, 10/8/08). Accordingly, the defendant prevailed in the case at bar and, therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920. A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

> A judge or clerk of any of the United states may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees of the court reporter for all and any part of stenographic transcript necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and copies of papers necessarily obtained for use in case;
> >
> > (5) Docket fees under § 1923 of this title;
> >
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C § 1920. In the exercise of sound discretion, trial courts are accorded great

latitude ascertaining taxable costs. However, in exercising its discretion to tax costs. Absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000).

The undersigned has reviewed the Bill of Costs and finds that the costs in the requested amount are reasonable and appropriate, as the deposition of the plaintiff, for which the defendant requests reimbursement, was necessarily obtained for use in the case.

Having received no response to the Bill of Costs and having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the request for costs is **GRANTED** and the defendant is awarded $434.70 in costs.

DONE AND ORDERED, in Chambers, at Miami, Florida this 25th day of November 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

All counsel of record